IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal No. **3:25-CR-422-L** |
| | § | |
| **DONAVAN SPEARMAN** | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Donavan Spearman's ("Mr. Spearman") Objection and Motion Regarding the Commerce Clause and the Statutory Nexus with Commerce (Doc. 29) ("Motion"), filed on August 21, 2026. On September 3, 2026, the Government responded (Doc. 30). In light of the Fifth Circuit granting en banc review of *United States v. Squire*, 182 F.4th 481 (5th Cir. 2026), Mr. Spearman moves to preserve the following arguments for further review:

> (1) The possession prong of 18 U.S.C. § 922(g)(1), either on its face or as applied in this prosecution, exceeds Congress's authority under the U.S. Constitution.
> (2) The nexus element of the possession offense—that the defendant "possess in or affecting commerce, any firearm or ammunition"—is not satisfied by proof that the ammunition in question moved across a state or international boundary at some point in the past. See 18 U.S.C. § 922(g) (emphasis added).

Doc. 29 at 1. The Government argues and Defendant acknowledges, however, that these arguments are foreclosed by binding Fifth Circuit precedent. *See United States v. Wallace,* 889 F.2d 580, 583 (5th Cir. 1989) ("[S]ection 922(g) reaches only those firearms that traveled in interstate or foreign commerce and is thus constitutional."); *United States v. Rawls*, 85 F.3d 240, 242-43 (5th Cir. 1996) (citations omitted) ("The 'in or affecting commerce' element can be satisfied if the firearm possessed by a convicted felon had previously traveled in interstate commerce.") Defendant contends that since the Fifth Circuit is hearing *Squire* en banc it suggests that the law may soon

change and asks this court to find that 18 U.S.C. § 922(g)(1) is unconstitutionally broad facially and as applied to Mr. Spearman's case. Doc. 29.

The problem is that the court is bound by Fifth Circuit precedent, and as it currently stands the Fifth Circuit has held that section 922(g) is constitutional.

> Following *Wallace*, [the Fifth Circuit has] consistently upheld the constitutionality of § 922(g)(1), including after the Supreme Court's decisions concerning Congress's Commerce Clause authority in *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), *Jones v. United States*, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), and *United States v. Morrison*, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000). *See United States v. Schmidt*, 487 F.3d 253, 255 (5th Cir.2007) (holding that the Court's decisions in *Lopez, Jones*, and *Morrison* "do not alter th[e] conclusion" that § 922(g)(1) is constitutional); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir.2001) ("[T]he constitutionality of § 922(g) is not open to question."); *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir.1999) ( "This court has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question.").

*United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013). Moreover, Supreme Court precedent makes clear that Congress did not intend to require any more than a minimal nexus that at some time the firearm at issue had been in interstate commerce. *Scarborough v. U. S.*, 431 U.S. 563, 577 (1977). The court is aware of the recent changes in the law dictated by *United States v. Hemani*, 608 U.S. 772, 795 (2026), in which the Court held that prosecution of a defendant for knowingly possessing a gun in his home while being an unlawful user of a controlled substance, on the basis that he used marijuana a few times a week, did not comply with the Second Amendment. The court is also aware of the upcoming challenges in the law surrounding section 922(g) taken on by the Fifth Circuit. Given Mr. Spearman's violent criminal history; however, the court is perplexed as to how the Fifth Circuit could vacate his plea and subsequent sentencing because it would open the flood gates of litigation regarding an issue that appears to be well-settled law. Further, the court simply does not understand why a suggestion by a Supreme Court justice in a concurring opinion requires the Fifth Circuit to take up the issue en banc.

The Government argues that Mr. Spearman's Motion should also be denied because it is untimely, and Mr. Spearman has failed to show good cause for the untimely filing. Doc. 30. The Government is correct that the court set a deadline of February 6, 2026, for any pretrial motions, and rather than filing any motions, Mr. Spearman pled guilty. Docs. 19 & 24-25. A guilty plea alone, however, does not bar "a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal." *Class v. United States*, 583 U.S. 174, 178 (2018).

As previously stated, Mr. Spearman's constitutionality arguments are foreclosed; therefore, his Motion is **denied**, and the court will proceed with the sentencing as previously scheduled.

**It is so ordered** this 15th day of October, 2026.

Sam A. Lindsay
United States District Judge